UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES F. WILCOX, JR.,                    :
                                           :
                    Plaintiff              :
                                           :        CIVIL NO. 3:CV-05-2017
        -vs-                               :
                                           :        (Judge Kosik)
                                           :
JOANNE B. BARNHART,                        :
Commissioner of Social Security,           :
                                           :
                    Defendant              :

# MEMORANDUM

Before this court is a dispute concerning a decision by the Commissioner of Social

Security in which the Commissioner denied the plaintiff's claims for Supplemental Security

Income (SSI) and Disability Insurance Benefits (DIB).  The record is being reviewed

pursuant to 42 U.S.C. § 405(g) to determine whether there is substantial evidence to

support the Commissioner's decision.  The matter was assigned to United States

Magistrate Judge Thomas M. Blewitt and appropriate briefs were filed.  In a Report and

Recommendation filed June 30, 2006, the Magistrate Judge found that the Commissioner's

decision was supported by substantial evidence and recommended that the plaintiff's

appeal be denied.  The plaintiff filed objections to the Magistrate Judge's Report and

Recommendation.  The defendant filed a brief in response.  For the reasons that follow,

we will adopt the Report and Recommendation of the Magistrate Judge and affirm the

findings of the Commissioner.

1

## I.      BACKGROUND

A thorough history of the plaintiff's claim is set forth in the Magistrate Judge's Report and Recommendation.  We will not restate all of the facts here.  Rather, we set forth only those facts relevant to this court's review of the Report and Recommendation.  Charles Wilcox ("Plaintiff") filed an application for SSI and DIB on November 26, 2002, alleging disability since September 1, 2002, as a result of a herniated disc in his lumbar spine, severe back pain, and anxiety.  (R. 70).  Plaintiff's claims were denied initially and a hearing was requested.  A hearing was held before an Administrative Law Judge ("ALJ") on January 3, 2005.  On May 11, 2005, the ALJ found that plaintiff was not disabled and issued a decision denying benefits.  The Appeals Council denied Plaintiff's request for review.

Plaintiff filed a complaint with this court on October 4, 2005.  (Doc. 1).  The matter was assigned to Magistrate Judge Thomas M. Blewitt.  On June 30, 2006, Magistrate Judge Blewitt issued a Report and Recommendation wherein he suggested that the ALJ's decision denying Plaintiff's claim for DIB and SSI was based upon substantial evidence. Plaintiff objected to the Report and Recommendation.  Plaintiff's objections include three numbered challenges to the Report and Recommendation:

> 1. The Magistrate improperly upholds the ALJ's finding that Plaintiff's mental impairment was not severe;
>
> 2. The Magistrate improperly upholds the ALJ's evaluation of Dr. Huang's opinion; and,
>
> 3. The Magistrate improperly upholds the ALJ's evaluation of Plaintiff's subjective complaints.

(Doc. 15).  The Commissioner filed a brief in response to Plaintiff's objections on July 13,

2006.  (Doc. 16).

## II.    DISCUSSION

### A.    Standard of Review

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.3.  Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

When a claimant appeals from a final decision by the Commissioner of the Social Security Administration, the district court should uphold the Commissioner's decision if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Stunkard v. Secretary of Health and Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion.  *Plummer*, 186 F.3d at 427.  It is less than a preponderance of the evidence but more than a mere scintilla.  *Id.*

### B.    Social Security Evaluation Process

A five-step evaluation process is used to determine whether a person is eligible for disability benefits.  *See* 20 C.F.R. § 404.1520.  If it is found that a claimant is disabled or not disabled at any point in the sequence, review does not proceed any further beyond that

step in the sequence.  20 C.F.R. § 404.1520.    The first step of the process requires a claimant to establish that he has not engaged in "substantial gainful activity."  *See* 20 C.F.R. § 404-1520.  The second step involves a determination of whether the claimant has a severe impairment.  At the third step, the Commissioner evaluates whether the claimant's impairments or combination of impairments meet or equal those listed in Appendix 1, Subpart P, Regulation No. 4.  If it is determined that the claimant's impairments do not meet or equal a listed impairment, the Commissioner must continue on to the fourth step in the sequential evaluation process and consider whether the claimant has the Residual Functional Capacity ("RFC") to perform his Prior Relevant Work ("PRW").  If the claimant establishes that he is unable to perform PRW, then the burden of proceeding shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that the claimant is able to perform, consistent with his medically determinable impairments, functional limitations, age, education and work experience.  *See* 20 C.F.R. § 404.1520(a).  This is the final step in the evaluation of a claimant's disability.

### C.    ALJ's Findings

In applying the evaluation process to the facts of this case, the ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since the onset date.  (R. 23).  At step two, the ALJ determined that Plaintiff's lumbar degenerative disc disease is severe, but that his anxiety is not severe within the meaning of the Regulations.  (R. 19 and 23).  Continuing to the third step of the analysis, the ALJ found that Plaintiff does not have an impairment, or combination of impairments, of sufficient severity to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4.  (R. 19 and

23).   The ALJ next held that Plaintiff has the RFC to perform sedentary work, but that Plaintiff's RFC would not allow him perform his PRW.  (R. 22 and 24).  Finally, the ALJ found that there are jobs in the national economy which Plaintiff can perform.  (R. 23-24). The ALJ concluded that Plaintiff has not been under a disability as defined in the Social Security Act at any time since his alleged onset date.  (R. 24).

### D.   Analysis Of Plaintiff's Objections

#### 1.   First objection: Magistrate Judge Blewitt erred in upholding ALJ's decision that Plaintiff's mental impairment was not severe

Plaintiff's first objection asserts that Magistrate Judge Blewitt should have determined that Plaintiff's mental restrictions meet the standard for a severe impairment. Specifically, Plaintiff takes exception to the Magistrate Judge's suggestion that consultative psychiatrist, Dr. Raj Gajula's report supported the ALJ's determination at step two of the disability analysis that Plaintiff's mental impairments are not severe.  Plaintiff notes that Dr. Gajula assessed moderate restrictions in the former's judgment and ability to handle certain work situations.  Plaintiff argues that the moderate restrictions observed by Dr. Gajula support a finding of a severe mental impairment as defined in 20 C.F.R. §§ 404.1521 and 416.921.   Plaintiff contends that the above sections advise the Commissioner to find impairments to be severe when they significantly limit the claimant's ability to use judgment, to appropriately respond to unusual work situations, and to deal with changes in a routine work setting.  Plaintiff concludes that the Magistrate Judge erred in upholding the ALJ's determination that Dr. Gajula's report is consistent with a finding that Plaintiff's mental impairments are not severe.

Plaintiff's argument fails to address the ALJ's, and subsequently the Magistrate

Judge's, findings at step two of the disability analysis of Plaintiff's mental impairment. Plaintiff argues that the intensity of his mental impairment evidences that it meets the definition of "severe" in the Code of Federal Regulations. The ALJ concluded, and Magistrate Judge Blewitt agreed, that Plaintiff's mental impairment did not endure for the length of time required to be deemed a severe impairment pursuant to the Regulations.

20 C.F.R. § 404.1509, states, "[u]nless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement." In this instance, the ALJ determined that Plaintiff had no psychological impairment that endured for a period of twelve months. (R. 18). The ALJ noted that while Plaintiff's "depression worsened on or about April 2003, it responded quickly to medication and therapy, and the medical evidence does not establish that the limitations identified by [Dr. Gajula] have continued." (R. 18). Magistrate Judge Blewitt similarly concluded that Plaintiff failed to establish that the severe depression for which he was hospitalized in April of 2003, existed for a continuous period of twelve months. (Doc. 14, p. 10).

Plaintiff's focus on the severity of the depression is misplaced. Both the ALJ and the Magistrate Judge acknowledge the severity of Plaintiff's depression in April of 2003. The ALJ and Magistrate Judge Blewitt found Plaintiff to be not disabled on the basis that the mental impairment did not persist for the duration requirement set forth in 20 C.F.R. § 404.1509. Plaintiff's objections provide no argument supporting the existence of depression or anxiety for a period of twelve months. Our own review of Plaintiff's medical records similarly fails to convince this court that Plaintiff's depression endured for the length of the duration requirement. We agree with Magistrate Judge Blewitt that the

Commissioner's findings with regard to Plaintiff's mental impairment are supported by substantial evidence.

> ### 2.     Second Objection: Magistrate Judge Blewitt erred in upholding ALJ's evaluation of the opinion of Plaintiff's treating physician

Plaintiff's second objection asserts that the Magistrate Judge erred in suggesting that substantial evidence supports the ALJ's decision to assign little weight to the opinion of Plaintiff's treating physician, Dr. Huang.  Plaintiff further argues that the ALJ erred in failing to determine what weight Dr. Huang's opinion deserved, and that the ALJ should have contacted Dr. Huang for clarification.  Plaintiff's second objection is without merit.

In considering a claim for disability benefits, greater weight is to be given to the findings of a treating physician than to a physician who has examined the claimant as a consultant. *See Adorno v. Shalala*, 40 F.3d 43, 47 (3d Cir.1994); *citing*, *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir.1993).  "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."  *Plummer v. Apfel*,186 F.3d 422, 429 (3d Cir.1999); *citing*, *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir.1985).  Opinions found in "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."  *Mason*, 994 F.2d at 1065.

In the instant case, the ALJ cited medical records that contradicted Dr. Huang's conclusions.  The ALJ noted that Dr. Huang's own progress notes documented no specific abnormalities since the alleged onset of disability.  (R. 22).  He further cited the consultative evaluation of Dr. Hussain and the report of the examining physician during

Plaintiff's April, 2003, hospitalization, as failing to support Dr. Huang's conclusions.  (R. 22).  The ALJ determined that, "controlling weight cannot be given to Dr. Huang's opinions of disability."  (R. 22).  Both the Decision of the ALJ and the Report and Recommendation cite medical evidence that undermine Dr. Huang's opinions and justify the limited weight afforded the treating physician's conclusions.

Our own review of Plaintiff's medical records supports the ALJ's decision to give Dr. Huang's opinion less weight.  Dr. Huang's December 27, 2002, report diagnosing a herniated disc, consists of a boiler plate form requiring that the doctor fill in blanks and check various boxes.  Increased suspicion is cast upon the report by the fact that the form appears to have been provided to Dr. Huang by Plaintiff's counsel.  (R. 124).  A subsequent April 7, 2003, report is merely a photocopy of the completed December 2002, report.  (R. 134).  A later, February 18, 2005, report using the same prepared form removes the diagnosis of herniated disc, and characterizes Plaintiff's condition as merely degenerative disc disease.  (R. 268).  Based upon the substance and physical appearance of the three reports, the ALJ appropriately decided to give no controlling weight to the opinions contained therein.  *See Mason*, 994 F.2d at 1065 ("[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best").

Additional records provided by Plaintiff counter Dr. Huang's conclusions.  According to the reviewing physician, an MRI of the lumbar spine taken on June 11, 2003, showed no worsening of degenerative changes that were evidenced in an earlier, October 28, 1998, MRI.  Significantly, the June 2003, MRI revealed improvement with regard to a small disc protrusion noted at the L5-S1 level in the 1998 lumbar MRI.  (R. 168).  Contrary to Dr. Huang's repeated diagnosis of herniated disc, none of the three MRI reports contained in

8

the record explicitly state that Plaintiff ever suffered from a herniated disc. (R. 168, 217 and 267). These objective findings contradict Dr. Huang's opinion as to Plaintiff's disability and cast doubt upon his credibility.

As noted above, Plaintiff objects that the ALJ failed to identify what weight he gave to Dr. Huang's opinion and suggests that the ALJ should have asked Dr. Huang for further clarification with regard to the opinion. The ALJ's decision plainly states that "controlling weight cannot be given to Dr. Huang's opinions of disability." (R. 22). We see no error in the ALJ's pronouncement of the weight afforded to Dr. Huang's opinions. We are similarly unpersuaded by Plaintiff's claim that the ALJ should have contacted Dr. Huang and asked for further clarification. There is no shortage of evidence regarding Plaintiff's condition that would necessitate further investigation. The impotence of Dr. Huang's opinions derives not from a dearth of evidence, but rather from the boiler plate nature of his written reports and surplus of medical evidence, including objective tests, that contradict the doctor's conclusions. Substantial evidence supports the ALJ's decision to give no controlling weight to Dr. Huang's opinions. *See Plummer*,186 F.3d at 429 (holding ALJ may afford a treating physician's opinion less weight depending upon the extent to which supporting explanations are provided) *Plummer*,186 F.3d at 429. Plaintiff's second objection will be overruled.

### 3. Third Objection: Magistrate Judge Blewitt erred in upholding ALJ's evaluation of Plaintiff's subjective complaints

Plaintiff's final objection asserts that substantial evidence supports Plaintiff's complaints of fatigue, and that the ALJ's rejection of Plaintiff's complaints was in error. Plaintiff argues that Dr. Huang's February 18, 2005, report indicates that Plaintiff's

9

medications caused drowsiness that subsequently required Plaintiff to take breaks from work every fifteen minutes.  He contends that Dr. Huang's reports support Plaintiff's own complaints of disabling fatigue.  Plaintiff provides no other arguments in support of his subjective complaints of fatigue.

The Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered.  20 C.F.R. § 404.1529.  Symptoms, such as pain, shortness of breath, fatigue, *et cetera*, will only be considered to affect a claimant's ability to perform work activities if such symptoms result from an underlying physical or mental impairment that has been demonstrated to exist by medical signs or laboratory findings.  20 C.F.R. § 404.1529(b).  Once a medically determinable impairment which results in such symptoms is found, the ALJ is to determine their impact on the claimant's ability to work.  *Id.* at (c).  In so doing, the medical evidence of record is considered along with the claimant's statements.  *Id.*  Social Security Ruling 96-7p gives the following instructions in evaluating the credibility of the claimant's statements regarding his symptoms:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

SSR 96-7p at 4.

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great

weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Frazier v. Apfel*, 2000 WL 288246 (E.D.Pa. March 7, 2000) (internal citations omitted).  "[T]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding."  *Schaudeck v. Com. of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999).  An ALJ may find testimony lacks credibility, but he must "give great weight to a claimant's subjective testimony of the inability to perform even light or sedentary work when this testimony is supported by competent medical evidence."  *Id.*

In the instant case, Plaintiff's complaints of fatigue are unsupported by any medical evidence worthy of significant weight.  None of Dr. Huang's progress notes reference complaints of excessive fatigue.  While all three of the form reports filled out by Dr. Huang indicate Plaintiff was prescribed pain medication, only the last of the reports, completed on February 18, 2005, includes any reference to drowsiness as a side effect of medication. As indicated above, Dr. Huang's opinions contained in the fill in the blank form reports were appropriately afforded little weight.  Plaintiff cannot bootstrap his own otherwise unsubstantiated complaints of fatigue to the reports of Dr. Huang that the ALJ properly afforded no controlling weight.

Plaintiff's objections offer no additional arguments in support of his complaints of fatigue.  This court nonetheless reviewed Plaintiff's medical records and the portion of the ALJ's decision regarding the Plaintiff's complaints of fatigue.  The ALJ indicated that Dr. Huang's progress notes are devoid of any reference to significant side effects to the medication.  The ALJ reported that Plaintiff testified that he was able to care for his

personal needs and drive.  He noted that Plaintiff's work history prior to the 1998 accident that caused the alleged disability reflected sporadic employment, and suggested that motivation for sustained work might be lacking.  The ALJ determined that Plaintiff's allegations were not fully credible.

It is evident that the ALJ reviewed Plaintiff's relevant medical records and provided a basis for his determination that plaintiff is not completely credible.  The ALJ considered "the entire case record and [gave] specific reasons for the weight given to the plaintiff's statements."  SSR 96-7p at 4.  This court accords the ALJ's findings great weight and deference as the ALJ was charged with observing plaintiff's demeanor and credibility at the hearing.  *See Walters*, 127 F.3d at 531.  The ALJ's determination of plaintiff's credibility is supported by substantial evidence and will not be disturbed.  Plaintiff's final objection is without merit.

## III.    CONCLUSION

We agree with Magistrate Judge Blewitt's conclusion that the decision of the Commissioner is supported by substantial evidence.  Specifically, the ALJ's finding that Plaintiff's mental impairment did not persist for the twelve month duration requirement is supported by substantial evidence.  The ALJ did not err in disregarding the opinion of Plaintiff's treating physician or finding Plaintiff's complaints of fatigue to be incredible.  We will adopt the recommendation of the Magistrate Judge and deny Plaintiff's appeal.  An appropriate Order is attached.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES F. WILCOX, JR.,   :
           :
    Plaintiff    :
           :  CIVIL NO. 3:CV-05-2017
  -vs-       :
           :  (Judge Kosik)
           :
JOANNE B. BARNHART,    :
Commissioner of Social Security, :
           :
    Defendant   :

# **ORDER**

AND NOW, this 17th day of October, 2006, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 14) dated June 30, 2006, is **ADOPTED**;

(2) the plaintiff's appeal is **DENIED**;

(3) the decision of the Commissioner is **AFFIRMED**; and,

(4) the Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.


            s/Edwin M. Kosik
            United States District Judge